UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OSCAR L. RUIZ,

        Petitioner,

v.                                            Case No. 23-cv-966-pp

WARDEN MICHAEL GIERACH,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING**

        On July 19, 2023, the petitioner—who is incarcerated at Redgranite Correctional Institution and is representing himself—filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2009 conviction in Washington County Circuit for two counts of conspiracy to commit first degree intentional homicide. Dkt. No. 1; State v. Ruiz, Case No. 2007CF287 (Washington County Circuit Court) (available at https://wcca.wicourts.gov/). He has paid the $5.00 filing fee. The petitioner alleges two grounds for relief: (1) he has "newly discovered evidence" supporting his innocence—an affidavit from his conspirator, Anselmo Gonzalez-Castillo, recanting his statements against the petitioner—and (2) the trial court should have suppressed the petitioner's statement to law enforcement. Dkt. No. 1 at 5-8.

        This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the face of the petition and the attached exhibits that the petitioner is not entitled to relief based on his first ground—the petitioner's claim of actual innocence based on newly

1

discovered evidence—the petitioner's first ground for relief is dismissed. However, the court will require the respondent to answer or otherwise respond to the petitioner's second ground for relief—that the trial court should have suppressed the petitioner's statement to law enforcement.

I. **Background**

On September 21, 2006, Gonzalez-Castillo pled guilty to first-degree intentional homicide in relation to an incident that occurred on December 13, 2005 ("the December 2005 homicide"). Dkt. No. 2-1 at 3-4; State v. Gonzalez-Castillo, Case No. 2005CF470 (Washington County Circuit Court) (available at https://wcca.wicourts.gov/). On December 20, 2006, the Washington County Circuit Court sentenced Gonzales-Castillo to life in prison with eligibility for extended supervision in twenty-seven years. Gonzalez-Castillo, Case No. 2005CF470. Several months after his sentencing, Gonzalez-Castillo contacted law enforcement and, during a July 12, 2007 interview, implicated the petitioner in the December 2005 homicide. Dkt. No. 2-1 at 4-5. On August 10, 2007, law enforcement interviewed the petitioner. Id. at 5-6. During this interview, the petitioner confessed to being involved in the December 2005 homicide. Id.

On August 13, 2007, the petitioner was charged with first-degree intentional homicide as a party to the crime and two counts of conspiracy to commit first-degree intentional homicide. State v. Ruiz, Case No. 2007CF287. On September 18, 2008, the petitioner filed a motion to suppress his confession, which the trial court denied on March 31, 2009. Id.; Dkt. No. 2-1 at 22. The case did not proceed to trial. Dkt. No. 2-1 at 6. On September 11, 2009, the petitioner pled "no contest" to two counts of conspiracy to commit first-degree intentional homicide, and the government dismissed the remaining

charge. Ruiz, Case No. 2007CF287; Dkt. No. 2-1 at 6. On November 20, 2009, the trial court sentenced the petitioner to two consecutive terms of thirteen years and six months in prison, for a total of twenty-seven years in custody. Ruiz, Case No. 2007CF287; Dkt. No. 2-1 at 22-23.

On April 28, 2010, the petitioner appealed his conviction to the Wisconsin Court of Appeals. State v. Oscar L. Ruiz, Case No. 2010AP1096. (available at https://wcca.wicourts.gov/) The instant *habeas* petition states that the petitioner "[a]sked [the] appellate court to overturn the ruling of the trial court regarding [his] confession[,] [b]ased on the confession being coerced." Dkt. No. 1 at 2. On February 16, 2011, the court of appeals summarily affirmed the trial court's judgment. Ruiz, Case No. 2010AP1096. On March 30, 2011, the petitioner filed a petition for review with the Wisconsin Supreme Court, which was denied on May 24, 2011. Id. The petitioner did not file a federal *habeas* petition in the year following the Wisconsin Supreme Court's denial of his petition for review.

On May 3, 2023, the petitioner filed a motion with the Washington County Circuit Court requesting an evidentiary hearing based on newly discovered evidence. Ruiz, Case No. 2007CF287; Dkt. No. 2-1 at 10-14. The petitioner presented the trial court an affidavit from Gonzalez-Castillo dated October 5, 2016; the petitioner described Gonzalez-Castillo as "the actual and only culprit in this incident[.]" Dkt. No. 2-1 at 14. In the affidavit, Gonzalez-Castillo took full responsibility for the December 2005 homicide and averred that the petitioner "[was] innocent because he never participated in this offense nor was there any conspiracy with him." Id. at 15. Gonzalez-Castillo averred that he falsely implicated the petitioner because he was upset that the petitioner had not lent him money when asked and because he had believed

3

that implicating the petitioner could reduce his sentence. Id. The petitioner argued that Gonzalez-Castillo's affidavit showed that the petitioner was never involved with the December 2005 homicide. Id. at 10-14. The petitioner contended that the court could not have legally accepted his no contest plea because the facts used to support that plea were contradicted by Gonzalez-Castillo's affidavit, and he requested an evidentiary hearing. Id.

On June 6, 2023, the trial court denied the petitioner's motion for an evidentiary hearing. Id. at 1-9. The court explained that to obtain an evidentiary hearing based on newly discovered evidence a defendant must show specific facts that are sufficient by clear and convincing proof, when considered in the context of the record as a whole, that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative. Id. at 1-2 (citing State v. Avery, 345 Wis. 2d 407, 424 (Wis. 2013)). The court observed that if a defendant satisfies those four criteria, the court must determine whether a reasonable probability exists that a different result would be reached in a trial. Id. at 2 (citing Avery, 345 Wis. 2d at 424-25). The court also explained that a claim of newly discovered evidence based on recantation requires corroboration of the recantation with additional newly discovered evidence because recantations are considered inherently unreliable. Id. (citing State v. McCallum, 208 Wis. 2d 463, 476 (Wis. 1997)). The court observed that a defendant satisfies the corroboration requirement in a recantation case if (1) there is a feasible motive for the initial false statement and (2) there are circumstantial guarantees of the trustworthiness of the recantation. Id. (citing McCallum, 208 Wis.2d at 477-78).

Applying this standard, the trial court denied the petitioner's motion for an evidentiary hearing for two reasons. Id. at 7-9. First, the court found that there was not a reasonable probability that Gonzalez-Castillo's affidavit would lead to a different result. Id. at 7. The court observed that the petitioner himself had admitted his involvement in the conspiracy "both in written statements to the investigating police, and during the entry of his plea in open Court." Id. The court quoted the following exchange from the petitioner's plea hearing:

> THE COURT: Well, I just want to know what your involvement was. Did you -- did you and [Gonzalez-Castillo] discuss how Gabriella and Rosando should be killed?
>
> MR. RUIZ: Oh, if we talked about it, yes, we did.
>
> THE COURT: You talked about how he could go out to the ranch, turn off the lights, and hit him with a lead pipe, correct?
>
> MR. RUIZ: Yes, that's correct.
>
> THE COURT: And did you in fact tell him at one point in time, Anselmo, tonight is the night we have to do it?
>
> MR. RUIZ: Urn, yes.

Id. at 6 (quoting "Plea Hearing Transcript, Electronic Document #55, p. 15."). Second, the court determined that the petitioner had not provided any additional evidence to corroborate Gonzalez-Castillo's recantation. Id. at 8. The court observed that the petitioner had not provided any feasible motive for Gonzalez-Castillo's initial accusations because law enforcement had not promised anything in exchange for Gonzalez-Castillo's information. Id. The court concluded that Gonzalez-Castillo's recent recantation did not have as many circumstantial guarantees of trustworthiness as his original statement implicating the petitioner. Id. at 8-9.

On July 19, 2023, the petitioner filed the instant *habeas* petition under 28 U.S.C. §2254. Dkt. No. 1. The petitioner alleges two grounds for relief: (1) he

has "newly discovered evidence" supporting his innocence and (2) the trial court should have suppressed the petitioner's statement to law enforcement. Id. at 5-8. Regarding the first ground, the petitioner argues that the court should grant him an evidentiary hearing based on Gonzalez-Castillo's affidavit. Dkt. No. 2 at 1. The petitioner avers that Gonzalez-Castillo's statements to law enforcement are the reason that the petitioner is serving his current sentence, so the court should be willing to accept Gonzalez-Castillo's affidavit since he is "finally telling the truth" when he says the petitioner "had nothing to do with his crime of murder. Id. The petitioner questions how Gonzalez-Castillo's "statement was credible enough to implement and cause [the petitioner] to have this time of 26 years but not good enough to recant the falseness that he spewed out of his mouth in the first place." Id. On the second ground, the petitioner claims that law enforcement coerced him to incriminate himself by failing to provide him an interpreter not associated with the police. Id. at 1, 4. The petitioner asserts that he did not understand "anything that happen[ed]" during his contact with law enforcement or when he pled no contest. Id. at 4. The petitioner concludes that it is unjust for the court to rely on "a plea of no contest which [he] did not understand." Id.

## II. Standard

A federal court must "screen" a habeas petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies, and avoided procedural default. Generally, a state petitioner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state petitioner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

### III. Analysis

#### A. Newly Discovered Evidence

The petitioner characterizes Gonzalez-Castillo's affidavit as "newly discovered evidence," which shows that the petitioner "had nothing to do with" the December 2005 homicide. Dkt. Nos. 1 at 5, 2 at 1-4. In other words, the petitioner argues that this "newly discovered evidence" reveals his innocence. See Warren v. Gierach, Case No. 23-cv-1087-pp, 2024 WL 1675040, at *3 (E.D. Wis. Apr. 18, 2024) (interpreting *habeas* petitioner's newly discovered evidence, which claimed "the petitioner 'had nothing to do with the sale and or distribution of heroin[,]'" as the petitioner "assert[ing] that newly discovered evidence reveals [his] innocence").

"As a general rule, newly discovered evidence that bears only on the question of guilt or innocence is not reviewable by a federal court on a motion for habeas corpus relief." Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir. 1992). As the Supreme Court has explained, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." Id. Nonetheless, the Seventh Circuit has held that "in some situations newly discovered evidence is so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause not to afford a defendant a new trial in which the evidence

8

could be considered." Coogan, 958 F.2d at 801. The Seventh Circuit has explained that

> [w]here the "newly discovered evidence" consists of witness recantations of trial testimony or confessions by others of the crime, most courts decline to consider it in the absence of any showing that the prosecution knowingly proffered false testimony or failed to disclose exculpatory evidence, or that petitioner's counsel was ineffective.

Id.

The petitioner's claim of actual innocence based on newly discovered evidence does not provide him relief. Despite presenting Gonzalez-Castillo's affidavit as a recantation, the petitioner has not alleged that "the prosecution knowingly proffered false testimony or failed to disclose exculpatory evidence, or that petitioner's counsel was ineffective." Id. The petitioner only describes why Gonzalez-Castillo may have been motivated to falsely implicate the petitioner, without alleging that the prosecution engaged in knowing misconduct or that the petitioner's counsel acted ineffectively. Dkt. No. 2 at 1-4. Absent such allegations, Gonzalez-Castillo's recantation alone cannot provide the petitioner relief. See Coogan, 958 F.2d at 801.

Nor is this the type of case where fundamental fairness requires that the petitioner receive a new trial. The petitioner repeatedly has alleged that Gonzalez-Castillo's original accusations against him directly resulted in his incarceration. Dkt. No. 2 at 1-4. Those assertions ignore the fact that the petitioner admitted his involvement in the conspiracy and pled no contest to two counts of conspiracy to commit first degree intentional homicide. This is not a situation where the petitioner was convicted after a jury trial at which Gonzalez-Castillo was the sole identifying witness. Fundamental fairness does not require a new trial, or even an evidentiary hearing.

9

B.  Suppression of Statement to Law Enforcement

Regarding his second ground for relief, the petitioner says "[c]oerced into giving confession and I had no interpreter I did not understand." Dkt. No. 1 at 7. Unlike the legal issues relating to Gonzalez-Castillo's recantation, the petitioner had the opportunity to—and did—litigate in state court the issue of whether the trial court should suppress his statements to law enforcement. Dkt. Nos. 1 at 2, 2-1 at 22; Ruiz, Case No. 2007CF287. The trial court denied the petitioner's "motion to suppress statements" before he entered his no contest plea on September 11, 2009. Dkt. No. 2-1 at 22; Ruiz, Case No. 2007CF287. The petitioner raised the issue before the Wisconsin Court of Appeals when he "[a]sked [the] appellate court to overturn the ruling of the trial court regarding [his] confession[,] [b]ased on the confession being coerced." Dkt. No. 1 at 2. On February 16, 2011, the Wisconsin Court of Appeals summarily affirmed the trial court's judgment and, on May 25, 2011, the Wisconsin Supreme Court denied the petitioner's petition for review. Ruiz, Case No. 2010AP1096. When a petitioner has presented his claim for one full round of state-court review, as the petitioner has done here, a federal *habeas* court may consider whether the state court's ruling was "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court," or "'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

Generally, a petitioner must file his *habeas* petition within one year of the judgment becoming "final." See 28 U.S.C. §2254, Rule 3(c); 28 U.S.C. §2244(d)(1)(A). A judgment becomes "final" either at "the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C.

§2244(d)(1)(A); see also Johnson v. McCaughtry, 265 F.3d 559, 562 (7th Cir. 2001) (holding that petitioner's judgment became "final" when "the Wisconsin Supreme Court denied direct review of his conviction"). The judgment in the petitioner's case appears to have become "final" on May 25, 2011, when the Wisconsin Supreme Court denied his petition for review. If that is the case, it would appear that the one-year period for him to file a federal *habeas* petition expired on May 25, 2012, which gives the court concerns about the timeliness of this federal petition.

That said, the argument that a petition was not timely filed is an affirmative defense, which means "the state has the burden of showing that the petition is untimely." Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004) (citing Acosta v. Artuz, 221 F.3d 117, 121-22 (2d Cir. 2000)); see also Ray v. Clements, 700 F.3d 993, 1006 (7th Cir. 2012) ("It is well-settled that AEDPA's statute of limitations is a nonjurisdictional affirmative defense." (citing Day v. McDonough, 547 U.S. 198, 205 (2006))). At this early stage, the court cannot say that it plainly appears from the face of the petition that the petitioner's second ground would not entitle him to relief. The court will order the respondent to answer or otherwise respond to the petitioner's second ground for relief—his claim that the trial court should have suppressed the petitioner's statement to law enforcement.

## IV. Conclusion

The court **DISMISSES** the petitioner's first ground for relief (the petitioner's claim of actual innocence based on newly discovered evidence).

The court **ORDERS** that the petitioner may proceed on the second ground for relief (that the trial court should have suppressed the petitioner's statement to law enforcement).

11

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

Under Civil Local Rule 7(f) (E.D. Wis.), briefs in support of or in opposition to the habeas petition and any dispositive motions must not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ must inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 12th day of June, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

13

Case 2:23-cv-00966-PP   Filed 06/12/24   Page 13 of 13   Document 7