UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OSCAR L. RUIZ,

          Petitioner,

                                  Case No. 23-cv-966-pp

   v.

WARDEN MICHAEL GIERACH,

          Respondent.

**ORDER DENYING LETTER MOTION TO APPOINT COUNSEL AND/OR
INTERPRETER (DKT. NO. 10)**

On July 19, 2023, the petitioner filed a petition for writ of *habeas corpus*
that alleged two grounds for relief. Dkt. No. 1. On June 12, 2024, the court
issued a screening order dismissing the first ground for relief but allowing the
petitioner to proceed on his second ground. Dkt. No. 7. On July 1, 2024, the
clerk's office received a letter from the petitioner. Dkt. No. 10. The letter stated,
in relevant part:

> I am a imagrent from Mexico with a language barrier. I am
> writing to request an attorney and or interpretor to help me within
> these proceedings.
> I am not even sure if this request is doable nor am I fully aware
> of the procedure of request – which is why I am writing you. Please
> advise.

Id. at 1. The court interprets this letter as a motion for appointment of a
lawyer and/or an interpreter.

1

A *habeas corpus* petition is a civil case. In a civil case there is no statutory or constitutional right to court-appointed counsel. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). The Seventh Circuit Court of Appeals, however, has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). But "deciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021); see also Devroy v. Boughton, Case No. 22-cv-727-pp, 2023 WL 4059112, at *4 (E.D. Wis. June 19, 2023) ("The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own."). If the petitioner satisfies the first inquiry, the court determines "whether the difficulty of the case—factually and legally—

2

exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

In particular, the lawyers' responses may have bearing on the court's decision to exercise its discretion because they may shed light on whether the petitioner's attempts to hire counsel were reasonable. Pickett, 930 F.3d at 871. In deciding whether to recruit counsel, the court should consider the reasons the lawyer declined representation, including whether the petitioner was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. Id. The court should also consider how well the petitioner articulated his case to the prospective lawyer. Id. Where a petitioner "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. Id. But, where a petitioner is inarticulate, then a court "may have a useful role to play in recruiting counsel." Id.

"The second inquiry requires consideration of both the factual and legal complexity of the [petitioner's] claims and the competence of the [petitioner] to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the [petitioner's] individual competence to litigate those claims without

counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the [petitioner's] literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the [petitioner's] ability to litigate the case." Id. at 491. In situations where the petitioner files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the petitioner] could represent himself adequately." Pickett, 930 F.3d at 871.

The petitioner has not satisfied the first standard for the court to appoint counsel. He has not demonstrated that he has "made a reasonable attempt to secure counsel on his own." See Giles, 914 F.3d at 1053. The petitioner has not provided proof that he has contacted any attorneys, and if he has contacted lawyers, he has not explained how they responded to his requests. Since the petitioner has not satisfied this "threshold inquiry[,]" the court will deny his request for appointed counsel. See Eagan, 987 F.3d 667, 682.

Even if the petitioner had demonstrated that he'd contacted at least three lawyers in an attempt to find counsel on his own, he has not demonstrated that, at this stage of the proceedings, he does not have the capacity to litigate

the case himself. The petitioner filed a hand-written petition asserting that he had newly discovered evidence undermining his conviction and that he was coerced into giving a confession because he did not have an interpreter and didn't understand. Dkt. No. 1. He filed a four-page, single-spaced memorandum of facts and law in support of his petition, dkt. no. 2, along with attachments, dkt. no. 2-1. After the first judge assigned to the case recused himself, the petitioner filed a clear, easy-to-understand letter asking why that judge recused himself (a question to which this court does not have an answer) and asking why it was taking so long for anything to happen in the case. Dkt. No. 6. The petitioner has been able to clearly communicate his claims to the court, and to communicate with the court in an understandable way. Two weeks ago, the respondent filed a motion to dismiss the petition and a brief. Dkt. Nos. 11, 12. It is now the petitioner's turn to tell the court why he believes the court should not dismiss his petition. His response is due on September 23, 2024, but if he needs more time, he may file a written request with the court (*before* the September 23, 2024 deadline).

The petitioner's letter also mentioned an interpreter. A civil litigant has no right to a court-appointed interpreter who would provide these types of services. See Hussein v. Denk, Case No. 22-CV-391-JDP, 2024 WL 706831, at *1 (W.D. Wis. Feb. 21, 2024) ("[T]his is a civil case that Hussein voluntarily brought himself; there is no right to either court-appointed counsel or an interpreter."); see also Perez v. Zunker, Case No. 05-C-711-C, 2007 WL 5313066, at *1 (W.D. Wis. June 19, 2007) ("Congress has provided no funding

to the federal courts for the purpose of paying interpreters to assist litigants in civil cases."). The court has the authority to provide court-appointed interpreters only for judicial proceedings "instituted by the United States." <u>See</u> 28 U.S.C. §1827(d)(1). This *habeas* proceeding was not "instituted by the United States;" it was instituted by the plaintiff. The court must deny the petitioner's request for an appointed interpreter, because it has no authority to appoint an interpreter in this civil case.

The court **DENIES WITHOUT PREJUDICE** the petitioner's letter motion to appoint counsel and/or an interpreter. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6