OSCAR L. RUIZ,

        Petitioner,

v.

        Case No. 23-cv-966-pp

DAISY CHASE,[1]

        Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 11), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On July 19, 2023, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2009 conviction in Washington County Circuit Court on two counts of conspiracy to commit first degree intentional homicide. Dkt. No. 1. On August 8, 2024, the respondent filed a motion to dismiss, arguing that the petition was untimely. Dkt. No. 11. The court will grant the respondent's motion, dismiss the case and decline to issue a certificate of appealability.

**I.    Background**

On August 13, 2007, the petitioner was charged with first-degree intentional homicide as a party to the crime and two counts of conspiracy to commit first-degree intentional homicide. State v. Ruiz, Washington County

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at Redgranite Correctional Institution. Daisy Chase now is the warden of that institution. The court has updated the caption accordingly.

1

Circuit Court, Case No. 2007CF287 (available at https://wcca.wicourts.gov). The petitioner pled "no contest" to the two conspiracy counts and the state dismissed the remaining charge. Id. The state court entered a judgment of conviction on December 1, 2009. Id.; Dkt. No. 12-1 at 2.

The petitioner appealed his conviction to the Wisconsin Court of Appeals, which summarily affirmed the trial court's judgment on February 16, 2011. Dkt. No. 12-2 at 4. The petitioner filed a petition for review with the Wisconsin Supreme Court, which that court denied on May 24, 2011. Dkt. No. 12-3. The petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court.

Over twelve years later, the petitioner filed this federal *habeas* petition under 28 U.S.C. §2254. Dkt. No. 1. The petitioner raised two grounds for relief: (1) he has "newly discovered evidence" supporting his innocence and (2) the trial court should have suppressed his statement to law enforcement. Id. at 5–8. The court screened the petition and dismissed the first ground as failing to state a claim for relief. Dkt. No. 7 at 9. The court also expressed concerns about the timeliness of the petition because the petitioner filed it over twelve years after his conviction became final. Id. at 10–11. But because the statute of limitations is an affirmative defense, the court allowed the petitioner to proceed on his second ground for relief and ordered the respondent to answer the petition. Id. at 11–12.

**II.    Motion to Dismiss (Dkt. No. 11)**

The respondent contends that the petitioner's conviction became final on August 22, 2011 and that he had one year after that date to file his petition. Dkt. No. 11 at 4. The respondent argues that because the petitioner did not file his petition until June 2023, the petition is time-barred. Id.

2

Anticipating that the petitioner may argue that he is entitled to equitable tolling of the limitation period, the respondent argues that there are "no facts or circumstances" showing that the petitioner has been pursuing his rights diligently and that some extraordinary circumstance stood in the way of his filing. Id. at 4–5 (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)).

The respondent also asserts that the petitioner's actual innocence claim cannot provide a gateway for avoiding the limitation period. Id. at 5. The respondent argues that not only has the court dismissed the actual innocence claim at the screening stage, but the petitioner did not present "new reliable evidence" of his innocence as required to meet the standard. Id. at 5–6 (citing McDowell v. Lemke, 737 F.3d 476, 483–84 (7th Cir. 2013)). The respondent argues that the petitioner had access to the alleged new evidence as early as October 5, 2016, and that he has not explained why he waited until 2023 to present his new evidence to the court. Id. at 6–7.

The petitioner responds by arguing the merits of his claims. Dkt. No. 15. He contends that the trial court should have suppressed his statement to law enforcement because he did not speak English and so did not understand what was happening when he spoke to law enforcement. Id. at 1. He argues that he did not understand his no contest plea and that it is "unjust" and a constitutional violation for him to be incarcerated because of a plea he did not understand. Id. He argues that he did not understand what was happening until a Spanish-speaking person in jail informed him of the significance of his plea. Id. at 1–2. He asserts that his counsel was ineffective for not "pressing the issue of" the suppression motion before entering the plea. Id. at 2. He argues that evidence obtained in violation of a statute should be suppressed. Id. (citing State v. Popenhagen, 309 Wis. 2d 601 (Wis. Ct. App. 2006); Wis. Stat. §971.31).

3

He also cites Ray v. Clements, 700 F.3d 993 (7th Cir. 2012) for the proposition that the court should toll his one-year limitation period. Id. at 4. The petitioner argues that the limitation period should not bar the court from reviewing the constitutional violations raised in his petition. Id.

The respondent replies that the petitioner's citation to Ray is inapposite because that case applied the mailbox rule to excuse an incarcerated person's untimely petition when the evidence demonstrated that prison officials lost the petition prior to mailing. Dkt. No. 16 at 2. Here, the respondent argues, the petitioner presents no affidavits or evidence attesting that he attempted to file a timely petition that was somehow lost for eleven years. Id. at 2–3. The respondent argues that there are no facts or arguments supporting equitable tolling, so the court must dismiss the petition. Id. at 1.

Without asking the court's permission, the petitioner filed a sur-reply addressing the respondent's equitable tolling argument. Dkt. No. 17. The petitioner attaches a letter from his then-attorney, Jeffrey Jensen, dated February 16, 2011. Id. at 1; Dkt. No. 17-1. The letter states that Attorney Jensen will be filing a petition for review in the "Supreme Court," which the petitioner argues "is what [he has] been waiting on." Dkt. No. 17 at 1. The petitioner argues that once he started receiving help from another incarcerated person, he discovered that he was "waiting senseless on an attorney who apparently did not file anything[.]" Id. He argues that Attorney Jensen is at fault for the eleven-year delay in filing. Id. The petitioner asserts that at the beginning of his incarceration, he could not get help with his petition due to lockdowns and limitations on his contact with other incarcerated persons. Id. at 2. The petitioner argues that the law is clear that his rights were violated

4

and that the court should review his petition due to his lack of legal knowledge and language skills. Id.

The letter the petitioner attached from Attorney Jensen is dated February 1, 2011 and says that if Attorney Jensen did not hear from the petitioner, Attorney Jensen would "be filing a petition for review" with the Wisconsin Supreme Court. Dkt. No. 17-1.

### III. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year statute of limitations for petitioners seeking federal *habeas* relief. 28 U.S.C. §2244(d)(1). The one-year period begins to run from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D).

Attorney Jensen *did* file a petition for review with the Wisconsin Supreme Court; the public record shows that he filed that petition on March 15, 2011 and that the Wisconsin Supreme Court denied that petition for review on May 24, 2011. State v. Oscar Ruiz, Appeal No. 2010AP001096 (available at https://wscca.wicourts.gov). The petitioner did not file a petition for writ of

5

*certiorari* with the United States Supreme Court. That means that his conviction became "final"—and his one-year limitation period began to run—on August 22, 2011, ninety days after the Wisconsin Supreme Court denied his petition for review. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002) (statute of limitations begins to run "when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ"); Supreme Court Rule 13(1) (requiring that a person must file a petition for *certiorari* within ninety days after entry of judgment). The petitioner had one year from August 22, 2011—until August 22, 2012—to file his federal *habeas* petition. He did not file that petition until July 19, 2023—nearly eleven years after the one-year limitation period expired. His petition is untimely.

The respondent argues that the court should not apply the doctrine of equitable tolling to save the petitioner's untimely filing. A court may invoke the doctrine of equitable tolling where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). "Equitable tolling is an extraordinary remedy and so 'is rarely granted.'" Obriecht v. Foster, 727 F.3d 744, 748 (7th Cir. 2013) (quoting Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010)). "A petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either element will disqualify him from eligibility for tolling." Mayberry v. Dittman, 904 F.3d 525 529-30 (7th Cir. 2018).

"The realm of equitable tolling is a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." Socha v. Boughton, 763 F.3d 674, 683 (7th Cir. 2014) (internal quotations

6

omitted). Although equitable tolling is "rare" and "'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing,'" id. (quoting Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004)), a district court must "evaluate the circumstances holistically, considering 'the entire hand that the petitioner was dealt' rather than taking each fact in isolation," Gray v. Zatecky, 865 F.3d 909, 912 (7th Cir. 2017) (quoting Socha, 763 F.3d at 686)). A petitioner must show more than just that his circumstances "may have made it more difficult for him to file a petition for habeas corpus." Carpenter v. Douma, 840 F.3d 867, 873 (7th Cir. 2016). "Incarceration alone, for example, does not qualify as an extraordinary circumstance." Socha, 763 F.3d at 685.

The petitioner did not make any arguments in support of equitable tolling until his unauthorized sur-reply brief. Under this district's Civil Local Rule 7(i), "Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it." Neither the federal rules nor the court's local rules authorize a non-moving party to file a sur-reply brief, which means the plaintiff needed the court's permission to file one. Because the petitioner did not ask the court for permission to file before filing his sur-reply, the court can decline to consider it. Even if the court did consider the arguments in the petitioner's sur-reply, the petitioner has not shown that extraordinary circumstances prevented him from timely filing his petition.

His first argument is that he was waiting on his attorney to file a petition in the "Supreme Court," but that his attorney never filed a petition and the petitioner did not know that until another incarcerated person started assisting him with his case. But Attorney Jensen *did* file a petition for review in the state

7

supreme court, which that court denied on May 24, 2011. Dkt. No. 12-3. It is possible that the petitioner never received notice of the supreme court's decision from Attorney Jensen; some courts have found that that fact may justify equitable tolling. See Golden v. Oliver, 264 F. Supp. 2d 701, 703–04 (N.D. Ill. 2003) (collecting cases). But the state court record reflects that the petitioner sent letters to the court on February 20, 2012, November 18, 2014, September 24, 2015 and October 12, 2015. Ruiz, Case No. 2007CF287. The record also shows that three different attorneys requested information on the petitioner's case. Attorney Pasquale received documents from the court on December 12, 2012 and February 14, 2013. Id. Foley and Lardner LLP received documents from the court on January 12 and 19, 2017. Id. And Attorney Stelljes sent letters to the court on May 18, 2017 and July 24, 2017. Id. Even if *Attorney Jensen* did not tell the petitioner about the supreme court's decision, the court finds it hard to believe that the petitioner discussed his case with at least three other attorneys between 2012 and 2017 and that none of those attorneys informed him about the status of his case, or that the Wisconsin Supreme Court did not inform him of the status of his case in response to one of his four letters during that time.

The petitioner argues that lockdowns and limitations on his contact with other incarcerated persons prevented him from receiving the help he needed with his petition. But that is not a sufficient justification for applying the doctrine of equitable tolling. "[A] prisoner may not rely on 'expected, albeit unpredictable' delays associated with prison life in seeking equitable tolling of AEDPA's statute of limitations." Casas v. United States, 88 F. Supp. 2d 858, 861 (N.D. Ill. 1999); Moreland v. Eplett, 18 F.4th 261, 271 (7th Cir. 2021) ("[C]ommon parts of prison life" are also not considered "extraordinary" as

8

required to toll the limitations period). "Nor is lack of legal knowledge, another feature shared by the overwhelming majority of prisoners, by itself enough to justify equitable tolling." Socha, 763 F.3d at 685 (citing Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013)). The petitioner has not identified any extraordinary circumstances that prevented him from timely filing a federal *habeas* petition.

A petitioner must show both elements of the Holland test to warrant equitable relief. Carpenter, 840 F.3d at 870. Because the petitioner has not identified any extraordinary circumstances, the court is not required to evaluate whether he was diligently pursuing his rights. The court will dismiss the petition under 28 U.S.C. §2244(d)(1)(A).

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 494 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's petition should be dismissed as untimely under 28 U.S.C. §2244(d).

## V. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Daisy Chase is the correct respondent.

9

Case 2:23-cv-00966-PP    Filed 03/12/25    Page 9 of 10    Document 18

required to toll the limitations period). "Nor is lack of legal knowledge, another feature shared by the overwhelming majority of prisoners, by itself enough to justify equitable tolling." Socha, 763 F.3d at 685 (citing Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013)). The petitioner has not identified any extraordinary circumstances that prevented him from timely filing a federal *habeas* petition.

A petitioner must show both elements of the Holland test to warrant equitable relief. Carpenter, 840 F.3d at 870. Because the petitioner has not identified any extraordinary circumstances, the court is not required to evaluate whether he was diligently pursuing his rights. The court will dismiss the petition under 28 U.S.C. §2244(d)(1)(A).

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 494 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's petition should be dismissed as untimely under 28 U.S.C. §2244(d).

## V. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Daisy Chase is the correct respondent.

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 11.

The court **ORDERS** that the petition for writ of *habeas corpus* is **DISMISSED** as time-barred under 28 U.S.C. §2244(d). The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 12th day of March, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**