UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OSCAR L. RUIZ,

        Petitioner,

v.

        Case No. 23-cv-966-pp

DAISY CHASE,

        Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 24)**

---

On March 12, 2025, the court granted the respondent's motion to dismiss the petitioner's *habeas corpus* petition, dismissed the petition as untimely under 28 U.S.C. §2244(d)(1)(A) and declined to issue a certificate of appealability. Dkt. No. 18. On March 28, 2025, the petitioner filed a notice of appeal. Dkt. No. 20. He has filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 24.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96

1

F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit indicates that he has no monthly income or assets and no monthly expenses. Dkt. No. 24. According to the petitioner's prison trust account, as of April 8, 2025, he had $35.50 in his regular account. Dkt. No. 25. The court finds that the petitioner cannot pay the $605 appellate filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its March 12, 2025 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim

2

that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The March 12, 2025 order granted the respondent's motion to dismiss and dismissed all of the petitioner's grounds for relief as untimely. Dkt. No. 18 at 5–9. The court believes it is unlikely that the Seventh Circuit will disagree, but it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous.

The court **GRANTS** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 21st day of April, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**